Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ADA CARMONA RIVERA<br><br>Recurrida<br><br>v.<br><br>CONSEJO DE TITULARES CONDOMINIO LA ARBOLEDA, TOTAL ADMINISTRATION, INC.<br><br>Recurrente<br>_____<br><br>ADA CARMONA RIVERA<br><br>Recurrente<br><br>v.<br><br>CONSEJO DE TITULARES CONDOMINIO LA ARBOLEDA, TOTAL ADMINISTRATION, INC.<br><br>Recurridos | TA2026RA00013<br><br>consolidado con<br><br><br><br><br>TA2026RA00019 | Revisión procedente del Departamento de Asuntos del Consumidor<br><br>Querella núm.:<br>C-SAN-2024-0018401<br><br>Sobre:<br>Ley de Condominios de Puerto Rico,<br>Ley 129 de 16 de agosto de 2020 |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de febrero de 2026.

Por la vía sumaria, el Departamento de Asuntos del Consumidor ("DACO") determinó que la administradora de un condominio tenía la licencia correspondiente, mas no así una asistente de esta. Según se explica en detalle a continuación, concluimos que DACO erró al disponer del segundo asunto por la vía sumaria, pues del récord surge controversia en cuanto al ámbito de las funciones de la asistente.

I.

El 25 de marzo de 2024, la Sa. Ada Inés Carmona Rivera (la "Querellante") presentó ante DACO la querella de referencia (la

"Querella") en contra de la Junta de Directores del Condominio La Arboleda (la "Junta"), de Total Administration Inc. (la "Compañía") y de su presidenta (Sa. Mayra Bezares Gómez, o la "Presidenta").

La Querellante alegó que la Junta estaba incumpliendo con la Ley de Condominios de Puerto Rico, Ley 129-2020, según enmendada, 31 LPRA sec. 1921 et seq. ("Ley de Condominios"). En lo pertinente, planteó que la Presidenta se encontraba ejerciendo como agente administrador de condominios sin contar con una licencia en su carácter personal, violando así el Reglamento sobre Licencia, Permiso, y Registro de Agentes Administradores de Condominio, Reglamento Núm. 9263 del 18 de febrero de 2021 (el "Reglamento").

En abril de 2024, la Compañía contestó la Querella; anejó copia de su licencia de agente administrador, la cual fue emitida por DACO a la Compañía y a la Presidenta[1]. Solicitó que se desestimara la Querella.

El 25 de septiembre de 2024, DACO le ordenó a la Querellante mostrar causa por la cual no debía desestimarse la Querella en atención a la licencia presentada al contestarse la misma.[2]

La Querellante compareció y sostuvo que debía aclararse que la licencia correspondía únicamente a la Compañía, mas no a la Presidenta en su carácter personal; arguyó que esta necesitaba una licencia independiente para ejercer funciones de agente administradora[3].

El 10 de marzo de 2025, DACO emitió una Resolución[4] mediante la cual ordenó el cierre y archivo de la Querella; no obstante, a raíz de una moción de reconsideración[5] presentada por

---

[1] Véase Anejo 1 de la Contestación a la Querella, Entrada #7 SUMAC TPI de TA2026RA00019.
[2] Véase página 1 de la entrada #8 SUMAC TPI de TA2026RA00019.
[3] Véase Entrada #10 SUMAC TPI de TA2026RA00019.
[4] Véase Entrada #12 SUMAC TPI de TA2026RA00019.
[5] Véase Entrada #13 SUMAC TPI de TA2026RA00019.

la Querellante, DACO ordenó la continuación de los procedimientos en cuanto a la Compañía.[6]

Aunque no surge claramente del récord, en una vista administrativa celebrada el 4 de septiembre de 2025, los abogados de las partes aparentemente estipularon que no existía controversia de hechos y que el asunto planteado se podía resolver por la vía sumaria.

Así las cosas, la Querellante presentó un Memorando de Derecho[7] donde, además de reiterar su postura de que la Presidenta necesitaba una licencia individual, **por primera vez en el proceso,** planteó que la Sra. Ilsany Torres (la "Asistente"), empleada de la Compañía, también ejercía funciones de administración en el Condominio, por lo que también estaba obligada a poseer una licencia individual como Asistente Administradora de Condominios. Solicitó a DACO que impusiera las multas correspondientes como consecuencia de que, supuestamente, la Presidenta y la Asistente ejercían sus funciones sin contar con la requerida licencia.

Por su parte, la Presidenta, **por derecho propio**, presentó un documento titulado *¨Escrito Solicitado para Resolución de Querella¨.[8]* En síntesis, reiteró que la Compañía y ella contaban con la debida licencia para administración de condominios.  En cuanto a la Asistente, **alegó que, como sus funciones eran estrictamente clericales, no necesitaba licencia alguna**.

El 31 de octubre de 2025 DACO emitió una *Resolución Sumaria[9]* (la "Decisión"), mediante la cual reconoció que todas las licencias expedidas por DACO certificaban tanto a la Compañía como a la Presidenta para ejercer como Agentes Administradores de Condominios, por lo cual denegó la reclamación de la Querellante

---

[6] Véase Entrada #14 SUMAC TPI de TA2026RA00019.
[7] Véase Entrada #16 SUMAC TPI de TA2026RA00019.
[8] Véase Entrada #17 SUMAC TPI de TA2026RA00019.
[9] Véase Entrada #19 SUMAC TPI de TA2026RA00019.

en contra de la Presidenta. Sin embargo, sobre la base de una supuesta estipulación entre los abogados de las partes, determinó que la Asistente ejercía funciones de Asistente Administradora de Condominios sin la licencia individual requerida.

Ambas partes presentaron solicitudes de reconsideración de la Decisión[10], las cuales fueron denegadas por DACO.[11]

Inconformes, la Querellante y la Compañía presentaron los recursos que nos ocupan. La Compañía señala que: (1) DACO erró al adjudicar la controversia por la vía sumaria descansando en una alegada estipulación no autorizada sobre las funciones que ejercía la Asistente, en violación al debido proceso de ley y a que la decisión esté basada en el expediente administrativo, (2) DACO erró al extender la interpretación de la definición de ¨Asistente Administradora¨ y aplicar el requisito de licencia a una empleada clerical, (3) DACO erró al sostener que la Asistente ejercía funciones de administración, sin evidencia sustancial y sin evaluar evidencia aclaratoria, y (4) DACO erró al ordenar la imposición de una multa.

Por su parte, la Querellante señala como único error que DACO erró al concluir que la Presidenta estaba cobijada por la misma licencia que autorizaba a la Compañía a ejercer como Agente Administrador de Condominios. Resolvemos.

## II.

La sentencia sumaria es un mecanismo cuya finalidad es "propiciar la solución justa, rápida y económica de controversias en las cuales resulta innecesario celebrar un juicio plenario". *Meléndez González et. al. v. M. Cuebas,* 193 DPR 100, 109 (2015); *SLG Zapata v. J.F Montalvo,* 189 DPR 414, 430 (2013). Este mecanismo procesal se rige por la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36. En lo pertinente, dicha Regla dispone que procede

---

[10] Véase Entrada #20 y #21 SUMAC TPI de TA2026RA00019.
[11] Véase Entrada #24 SUMAC TPI de TA2026RA00019.

dictar sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia, si la hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica. Así, se permite disponer de asuntos pendientes sin necesidad de celebrar un juicio, ya que únicamente resta aplicar el derecho a los hechos no controvertidos. *Meléndez González et. al., supra; SLG Zapata, supra; Const. José Carro v. Mun. Dorado,* 186 DPR 113, 128 (2012).

Si se concluye que "existe una controversia real y sustancial sobre hechos relevantes y pertinentes", no procede dictar sentencia sumaria. *Ramos Pérez v. Univisión,* 178 DPR 200, 213-214 (2010). Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Meléndez González et. al., supra; Ramos Pérez,* 178 DPR a la pág. 213, citando a J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. JTS, 2000, T. I, pág. 609; *Jusino et als. v. Walgreens,* 155 DPR 560, 579 (2001); *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 577 (1997).

La parte promovente de una solicitud de sentencia sumaria está obligada a establecer, mediante prueba admisible en evidencia, la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción. Además, deberá demostrar que, a la luz del derecho sustantivo, amerita que se dicte sentencia a su favor. *Ramos Pérez, supra; Vera v. Dr. Bravo,* 161 DPR 308, 332-333 (2004). Cuando de las propias alegaciones, admisiones o declaraciones juradas, surge una controversia de hechos, la moción de sentencia sumaria es improcedente. *Mgmt. Adm. Servs., Corp. v. E.L.A.,* 152 DPR 599, 610 (2000).

Quien se oponga a que se dicte sentencia sumaria debe controvertir la prueba presentada. La oposición debe exponer de forma detallada y específica los hechos pertinentes para demostrar que existe una controversia fáctica material, y debe ser tan detallada y específica como lo sea la moción de la parte promovente pues, de lo contrario, se dictará la sentencia sumaria en su contra, si procede en derecho. Regla 36 (c) de Procedimiento Civil, *supra*. Cuando la moción de sentencia sumaria está sustentada con declaraciones juradas u otra prueba, la parte opositora no puede descansar en meras alegaciones y debe proveer evidencia para demostrar la existencia de una controversia en torno a un hecho material. A tales efectos, el juzgador no está limitado por los hechos o documentos que se aduzcan en la solicitud, sino que debe considerar todos los documentos del expediente, sean o no parte de la solicitud de sentencia sumaria, de los cuales surjan admisiones hechas por las partes. *Const. José Carro v. Mun. Dorado*, 186 DPR a la pág. 130, citando a *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 280-281 (1990).

### III.

El Artículo II, Sección 7, de la Constitución del Estado Libre Asociado de Puerto Rico prohíbe que cualquier persona sea privada de su libertad o propiedad sin un debido proceso de ley. Const. PR, Art. II, Sec. 7, 1 LPRA. El debido proceso de ley se refiere al "derecho de toda persona a tener un proceso justo y con todas las garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo". *Marrero Caratini v. Rodríguez Rodríguez*, 138 DPR 215, 220 (1995). La garantía constitucional del debido proceso de ley se manifiesta en dos vertientes: la sustantiva y la procesal. *Domínguez Castro v. ELA*, 178 DPR 1, 35 (2010). En lo pertinente, la vertiente procesal, le "impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del

individuo se haga a través de un procedimiento que sea justo y equitativo". *Rivera Rodríguez & Co. v. Lee Stowell*, 133 DPR 881, 887 (1993).

Los procesos adjudicativos de índole administrativo también tienen que ceñirse a las garantías mínimas del debido proceso de ley. *Álamo Romero v. Adm. de Corrección*, 175 DPR 314, 329, 330 (2009); *López Vives v. Policía de P.R.,* 118 DPR 219, 231 (1987). Todo procedimiento adversativo debe cumplir con unos requisitos básicos para satisfacer las exigencias del debido proceso, a saber: (1) una notificación adecuada; (2) que el proceso se celebre ante un juez imparcial; (3) la oportunidad de ser oído y defenderse; (4) el derecho a contrainterrogar a los testigos y a examinar evidencia presentada en su contra; (5) contar con la asistencia de un abogado; y (6) que la decisión se base en el récord. Véase, *Vázquez González v. Mun. San Juan*, 178 DPR 636, 643 (2010); *Hernández v. Secretario*, 164 DPR 390, 395-396 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 889 (1993).

Por su parte, la Sección 4.5 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 9675 ("LPAU") dispone que:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio. Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, **si se basan en evidencia sustancial que obra en el expediente administrativo**. Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. (Énfasis nuestro).

La evidencia sustancial ha sido definida como "aquella [evidencia] pertinente que una mente razonable pueda aceptar como adecuada para sostener una conclusión". *Ramírez v. Depto. de Salud*, 147 DPR 901, 905 (1999). Los tribunales no deben intervenir o alterar las determinaciones de hechos de un organismo administrativo "si las mismas están sostenidas por evidencia

sustancial que surja del expediente administrativo considerado en su totalidad." *Otero Mercado v. Toyota de P.R. Corp.,* 166 DPR 716 (2005); *Domingo Talavera v. Caguas Expressway Motors, Inc.,* 148 DPR 387 (1999). La parte que alegue ausencia de evidencia sustancial debe demostrar que existe:

> "'otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda concienzudamente, concluir que la evidencia sea sustancial [...] hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba' que tuvo ante su consideración". *Metropolitan S.E. v. A.R.P.E.,* 138 DPR 200, 213 (1995), citando *Hilton Hotels v. Junta de Salario Mínimo,* 74 DPR 670, 686 (1983).

### IV.

La Regla 5.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R.5.2, establece que las partes pueden estipular hechos. *Sepúlveda v. Depto. de Salud,* 145 DPR 560, 571-573 (1998). Las estipulaciones son admisiones judiciales que implican un desistimiento formal de cualquier contención contraria a ellas. Son favorecidas en nuestro ordenamiento porque eliminan desacuerdos y, de esa forma, facilitan y simplifican la solución de las controversias jurídicas. *Rivera Menéndez v. Action Services,* 185 DPR 431, 439 (2012); *Mun. de San Juan v. Prof. Research,* 171 DPR 219, 238 (2007); *P.R. Glass Corp. v. Tribunal Superior,* 103 DPR 223, 231 (1975). Las estipulaciones deben interpretarse de forma liberal y compatible con la intención de las partes y el propósito de hacer justicia. Cuando una parte acepta una estipulación, queda obligada por la alegación, salvo que el tribunal le permita retirarla. *Díaz Ayala et al. v. E.L.A.,* 153 DPR 675, 693 (2001).

Se ha reconocido que existen tres clases de estipulaciones: (1) las que constituyen admisiones de hechos; (2) las que reconocen derechos; y (3) las que proponen un determinado curso de acción. *Rivera Menéndez,* 185 DPR a la pág. 439.

Al estipular un hecho, se releva a la otra parte del requisito de probarlo, pues la estipulación sustituye la prueba que hubiera sido presentada en la vista del caso. *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 752 (1987). Como admisión judicial, la parte que acepta una estipulación de hecho queda obligada por ella. *Díaz Ayala et al.*, *supra*. El hecho estipulado no puede ser luego impugnado. *Rivera Menéndez, supra*. De ordinario, al estipular un hecho se admite su veracidad y ello obliga a las partes y al tribunal. *Íd.*, pág. 440.

## V.

La Regla 4 del Reglamento establece las siguientes definiciones:

(a) Agente Administrador - Persona natural o jurídica designada por el Consejo de Titulares para administrar la operación diaria del condominio, bajo la supervisión del Director o la Junta de Directores.

(b) Asistente Administrador - Persona natural que presta sus servicios a un Agente Administrador, para asistirle en las funciones propias de administración, bajo la supervisión de dicho Agente Administrador, que es quien asume entera responsabilidad frente al Consejo de Titulares por los servicios brindados al condominio.

Por su parte, la Regla 20 del Reglamento establece lo siguiente acerca de las sanciones administrativas:

Toda persona que incurra en violación a las disposiciones de este Reglamento podrá ser sancionada por el Secretario con una multa administrativa, bajo los criterios contenidos en el Reglamento de Multas del Departamento que esté vigente a la fecha de la infracción.

## VI.

Contrario a lo planteado por la Querellante, concluimos que DACO actuó razonablemente, y no cometió error de derecho, al determinar que la licencia que DACO le expidió a la Compañía, por explícitamente contener también el nombre de la Presidenta, hacía innecesario que esta obtuviese una licencia separada para ejercer como administradora del condominio.

Por otra parte, concluimos que DACO erró al resolver sumariamente la controversia en torno a la Asistente. Desde antes

de la Decisión, la Compañía alegó que la Asistente, por sus funciones particulares, no necesitaba licencia. Luego lo reiteró, con prueba documental, al solicitar la reconsideración de la Decisión. Por tanto, ante la controversia al respecto, DACO no debió disponer del asunto por la vía sumaria.

No tiene razón la Querellante al plantear que una supuesta estipulación le permitía a DACO resolver este asunto por la vía sumaria. Primero, adviértase que la Compañía, en reconsideración, aclaró que no había autorizado a su anterior abogado a estipular asunto alguno relacionado con la Asistente. Segundo, no fue hasta luego de la supuesta estipulación que por primera vez la Querellante formuló su reclamación en cuanto a la Asistente. Ante lo anterior, DACO debió abstenerse de resolver el asunto por la vía sumaria.

En efecto, no se puede disponer de un asunto por la vía sumaria si se demuestra que existe una controversia real y sustancial respecto a un hecho esencial de la reclamación. En este caso, se trata de auscultar la naturaleza de las gestiones ejercidas por la Asistente, lo cual es fundamental para que DACO pueda decidir si es necesaria una licencia independiente. Por existir esa controversia de hechos, es indispensable permitir que desfile prueba sobre las labores que realizaba la Asistente[12]. Por tanto, devolvemos el caso a DACO para que se celebre una vista evidenciaria y se le permita a las partes presentar prueba sobre la naturaleza de las funciones ejercidas por la Asistente.

## VII.

Por los fundamentos antes expuestos, se confirma la determinación recurrida a los efectos de desestimar la querella contra la Sa. Bezares Gómez, se deja sin efecto la determinación en cuanto a la querella contra la Sa. Ilsany Torres y se devuelve el caso

---

[12] Por no haberse presentado ante DACO, no podemos considerar la prueba traída ante este Tribunal por la Querellante.

a la agencia recurrida para trámites ulteriores compatibles con lo aquí resuelto y expuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones